IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMERSON PORFIRIO PEREZ CONTRERAS, | : | CIVIL ACTION |
| | : | No. 26-7358 |
| v. | : | |
| | : | |
| JOHN RIFE, *et al.* | | |

**MEMORANDUM**

**Judge Juan R. Sánchez** **September 28, 2026**

Petitioner Emerson Porfirio Perez Contreras brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security (DHS). He argues his current detention under 8 U.S.C. § 1226(a) is unlawful. Because this Court has already determined § 1226(a) requires Immigration and Customs Enforcement (ICE) to conduct an individualized custody determination before detaining the Petitioner, and because there is no indication that ICE has done so, the Court will grant his petition.

**BACKGROUND**

Mr. Perez is a twenty-five-year-old native and citizen of Guatemala who entered the United States as a minor without inspection in 2021. Pet. ¶¶ 21, 22, Dkt. No. 1. He has had no previous interactions with immigration enforcement. *Id.* Mr. Perez has no criminal history in the United States or otherwise. *Id.* ¶ 31.

On September 22, 2026, Mr. Perez was driving a truck on behalf of his employer, Watson Landscaping, when officials from the Department of Transportation (DOT) had Mr. Perez pull over into a weigh station for standard inspection. *Id.* ¶ 23. Mr. Perez gave his valid New York driver's license and registration to the DOT officials, and within minutes another individual in a bullet-proof vest appeared next to the truck. *Id.* ¶¶ 24, 25. The unidentified individual told Mr. Perez the truck was too heavy and asked him to step out of the vehicle. *Id.* The official pressed

him against the truck and handcuffed him. *Id.* ¶ 26. At no time did the official identify himself as an ICE Agent. *Id.* ICE then transferred him to the Federal Detention Center in Philadelphia, where he remains. *Id.* ¶ 30. He filed this petition on September 23, 2026.

The Government contends Mr. Perez is detained under 8 U.S.C. § 1226(a), which they argue gives the Government discretion to detain an individual once they have been charged as removable. Gov't's Resp. 1–2, Dkt. No. 4. The Government argues there are no other constraints on the Government's discretion to detain a noncitizen pursuant to § 1226(a), and that Mr. Perez cannot seek relief in this Court but rather must pursue relief through an administrative custody redetermination. *Id.*

**DISCUSSION**

This Court and many others in this District have already resolved the issues presented in this case against the Government: (1) whether § 1226(a) requires ICE to conduct an individualized determination of flight risk or dangerousness prior to detention, and (2) whether a district-court habeas petition is the appropriate avenue for redress.[1] The Government acknowledges courts in this District, including this Court, have rejected its interpretation, though it continues to press that position here. Gov't's Resp. 1, 3, Dkt. No. 4.

In *Dos Reis c. McShane*, this Court held that § 1226(a) provides discretion to detain or release a noncitizen while their removal decision is pending, but the agency must exercise that discretion through an individualized custody determination as to whether the noncitizen is dangerous or a flight risk. No. CV 26-3775, 2026 WL 1746649, at *4 (E.D. Pa. June 17, 2026). A failure to do so violates the Due Process rights of the petitioner. *Id.* at *5. Further, this Court held

[1] Because the Court will grant relief to the Petitioner on his Due Process claims, it declines to reach his arguments regarding the statutory requirements for a warrantless arrest and ICE's own regulations on the matter. *See* Pet. ¶¶ 45-48, Dkt. No. 1.

administrative exhaustion was not required where, in a case like this, the petitioner contests the legality of their initial deprivation of liberty, or in a case where the administrative remedy is not presently available.[2] Other judges in this district have found the same. *See Magno Leonardo Naula Sagbay v. J.L. Jamison, et al.*, No. 26-cv-7265, 2026 WL 2875765 (E.D. Pa. Sept. 24, 2026) (Rufe, J.); *Yauheni Dzehtisarou v. Mullin, et al.*, No. 26-cv-5060, 2026 WL 2211392 (E.D. Pa. July 31, 2026) (Rufe, J.); *Hugo Eduardo Hernandez v. Todd Blanche, et al.*, No. 26-6195, 2026 WL 2569475 (E.D. Pa. Aug. 31, 2026) (Perez, J.); *Perez Angeles v. Mullin*, et al., No. 26-cv-7167, Order (E.D. Pa. Sept. 22, 2026) (Kearney, J.); *Guevara v. Rose, et al.*, No. 26-cv-7077, Memorandum Opinion (ECF No. 7) (E.D. Pa. Sept. 22, 2026) (Savage, J.). While the Third Circuit has not ruled on this specific issue, their recent opinion in *Buele Morocho v. Warden Philadelphia* only bolsters this Court's previous determination that detention without an individualized determination violates Due Process. No. 26-cv-1454, 2026 WL 2546223, at *9 (3d. Cir. 2026) ("First, mandatory detention implicates Petitioner's 'constitutionally protected interest in avoiding physical restraint . . . Second, the absence of an opportunity for a neutral decisionmaker to assess whether Petitioners are dangerous . . . or flight risks . . . presents a high risk of erroneously depriving Petitioners of their liberty interest . . . Third, the Government's legitimate interest in preventing the release of dangerous noncitizens and those who might fail to appear at future hearings . . . does not outweigh the other two factors here.") (internal citations omitted); *see also*

---

[2] The Government acknowledges Petitioner cannot attend his scheduled bond hearing while detained at FDC Philadelphia because that facility does not facilitate virtual hearings for ICE detainees. A remedy that exists only if ICE elects to make it accessible is not an available remedy Petitioner must exhaust. *See Dos Reis*, 2026 WL 1746649 at *3 (citing *Gowen v. Winfield*, 130 F.4th 162, 176 (4th Cir. 2025) (concluding that, in the context of the PLRA, an "administrative remedy is considered unavailable 'if a prisoner, through no fault of his own, was prevented from availing himself of it.')).

*Luis Fernando Regalado-Nauta v. J.L. Jamison, et al.*, No 26-cv-6834, 2026 WL 2740528, at *3 (E.D. Pa. Sept. 16, 2026).

The record does not establish a reasoned finding that Mr. Perez is either dangerous or a flight risk. The Government has produced a Form 1-200 Warrant for Arrest of Alien, a Form I-286 Notice of Custody Determination, and a Form I-862 Notice to Appear. *See* Gov't's Resp. Ex. A, B, C. The Form I-862 identifies Torres Guevara as "an alien present in the United States who has not been admitted or paroled." The Form I-200 cites as probable cause for his arrest the "execution of a document to initiate removal proceedings against the subject," as well as biometric confirmation of the subject's identity and voluntary statements made by the Petitioner that demonstrate he "either lacks immigration status or notwithstanding such status is removable under U.S. immigration law." The Form I-286 indicates that "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of federal Regulations, I have determined that, pending a final administrative determination in your case, you will be… [d]etained by the Department of Homeland Security." Mr. Perez has requested review of his custody determination by an immigration judge. No other grounds for detention were cited in any of the documents provided to this Court. This Court has previously held reliance on status alone is a *per se* determination that does not comport with the individualized requirements of § 1226(a).

Because Mr. Perez's present detention without an individualized determination contravenes the Due Process Clause of the Fifth Amendment, his current detention is unlawful, and he shall be immediately released.

**CONCLUSION**

Accordingly, the Court will grant Petitioner's Petition for a Writ of Habeas Corpus and order his immediate release. An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.